UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ALLISON HALVORSEN, and KIMBERLY AKER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> vs. <br><br> COLLECTION ASSOCIATES, LTD., <br><br> Defendant. | Case No.: 15-cv-613 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

2. Defendant Collection Associates Ltd. ("CAL") is a debt collection agency that collects alleged medical bills from Wisconsin consumers.

3. CAL has threatened to add 5%, prejudgment interest to the balances of these medical accounts, even though the medical provider creditors have neither obtained a judgment awarding prejudgment interest, nor contracted with the consumers for interest.

4. CAL's conduct violates Wisconsin law, which only allows a creditor, or a party collecting on the creditor's behalf, to add common law, prejudgment interest to a debt if 1) there is an agreement between the creditor and the consumer for payment of interest (*eg.* credit card accounts with a contractual interest rate), or 2) the creditor obtains a judgment in court that includes an award of prejudgment interest, after satisfying the creditor's burden of proof that the debt was "liquidated," or "fixed and determinable," prior to the entry of judgment. *Erickson by Wightman v. Gundersen*, 183 Wis. 2d 106, 123, n.8, 515 N.W.2d 293, 301, n.8 (Ct. App. 1994).

5. A court in this District recently held that the addition of interest to a medical debt without contractual authorization or a judgment, states a claim under the FDCPA and WCA. *Paige v. Waukesha Health Sys.*, No. 12-cv-601, 2013 U.S. Dist. LEXIS 96962 at *18 (E.D. Wis. July 11, 2013) (Clevert, J.) ("absent a contractual agreement prejudgment interest cannot be automatically added by a creditor but instead must await a court judgment.").

## JURISDICTION AND VENUE

6. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

7. Plaintiff Allison Halvorsen is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

8. Plaintiff Kimberly Aker is an individual who resides in the Eastern District of Wisconsin (Kenosha County).

9. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a medical bill.

10. Defendant CAL is a corporation with its principal place of business located at 225 S. Executive Dr., Suite 250, Brookfield, WI 53005

11. CAL is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

12. CAL is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. CAL is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

2

## FACTS

### *Halvorsen Letters*

13. On or about October 2, 2014, CAL mailed a debt collection letter to Plaintiff Allison Halvorsen regarding an alleged debt owed to a medical provider. A copy of this letter is attached to this complaint as Exhibit A.

14. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

15. Exhibit A contains the following itemization of charges:

>Account of: Milwaukee Anesth. Consultants S.C.
>Last Activity: 05/14/2014
>Account Number: XXXXXX440
>Balance: $95.69

16. Exhibit A contains the following statement: "The amount due stated above is the amount due as of the date of this letter. Future interest of 5% per year may be assessed as permitted by Wisconsin Statutes Section 138.04 if the amount due is not paid."

17. With respect to the account listed in Exhibits A, Plaintiff was not required to pay for the medical services at the time services were rendered. Instead, the creditor (i.e. the medical provider) mailed a bill several days or weeks after the dates of service. Thus, payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'")

18. The alleged debt listed in Exhibit A has not been reduced to judgment.

19. The creditor listed in Exhibit A, has not sued Plaintiff Allison Halvorsen to establish a right to interest.

3

20. Plaintiff Allison Halvorsen has never agreed to pay any amount of interest, or any rate of interest, on the alleged debts owed to the creditors listed on Exhibit A.

*Aker Letters*

21. On or about October 13, 2014, CAL mailed a debt collection letter to Plaintiff Kimberly Aker regarding an alleged debt owed to a medical provider. A copy of this letter is attached to this complaint as Exhibit B.

22. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

23. Exhibit B contains the following itemization of charges:

> Balance: $1496.36
> Acct#: XXXXXX851
> Account of: Midwest Phys. Anes. Services, S.C.

24. On or about December 19, 2014, CAL mailed another debt collection letter to Plaintiff Kimberly Aker regarding an alleged debt owed to a medical provider. A copy of this letter is attached to this complaint as Exhibit C.

25. Upon information and belief, Exhibit C is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

26. Exhibit C contains the following itemization of charges:

> Creditor Name: Midwest Phys. Anes. Services, S.C.
> Account Number: XXXXXX851
> Balance: $1510.01
> TOTAL: $1510.01

27. Upon information and belief, the itemized account on Exhibit C is the same account as listed on Exhibit B.

28. With respect to the account listed in Exhibits B-C, Plaintiff was not required to pay for the medical services at the time services were rendered. Instead, the creditor (i.e. the

4

medical provider) mailed a bill several days or weeks after the dates of service. Thus, payment was deferred by agreement.

29. Upon information and belief, CAL is, on an ongoing basis, adding 5% interest to the account listed above and in Exhibits B-C, specifically the "Midwest Phys. Anes. Services, S.C." account.

30. The "BALANCE" of the Midwest Phys. Anes. Services, S.C. account increased from $1496.36 in October 2014 to $1510.01 in December 2014 due to CAL's addition of interest to the Midwest Phys. Anes. Services, S.C. account.

31. The alleged debt listed in Exhibits B-C, the Midwest Phys. Anes. Services, S.C. account, to which CAL is adding interest, has not been reduced to judgment.

32. The creditor listed in Exhibits B-C, including the account to which CAL is adding interest, has not sued Plaintiff Kimberly Aker to establish a right to interest.

33. Plaintiff Kimberly Aker has never agreed to pay any amount of interest, or any rate of interest, on any alleged debt owed to the creditor listed on Exhibits B-C.

*Violations of Law*

34. For each of the above Plaintiffs and a class of similarly situated individuals, CAL has added and/or threatened to add interest to alleged medical debts that had not been reduced to judgment, and in which no agreement to pay interest existed between the Class Member and the medical services provider.

35. All of the alleged debts identified in Exhibits A-C were allegedly incurred for medical services, and none had been reduced to judgment when the letters were mailed.

36. Upon information and belief, no provision of any agreement between any Plaintiff and any creditor listed on Exhibits A-C for the provision of medical services permits CAL to impose interest on allegedly delinquent accounts.

5

37. Further, upon information and belief, neither CAL nor any creditor listed on <u>Exhibits A-C</u> have any legal basis to add interest to the Plaintiffs' and Class Members' alleged debts.

38. Upon information and belief, CAL is adding prejudgment interest to Plaintiffs' and Class Members' alleged debts, despite the fact that no legal action has been initiated against the consumer, and even when the creditor itself is not attempting to add interest to the account prior to bringing suit.

39. A debt collector cannot collect prejudgment interest when that interest has not been awarded by a court or agreed to by contract. *Paige v. Waukesha Health Sys.*, No. 12-cv-601-CNC; 2013 U.S. Dist. LEXIS 96962, *18-20 ("Wisconsin cases suggest, as the Paiges argue, that absent a contractual agreement prejudgment interest cannot be automatically added by a creditor but instead must await a court judgment;"), *citing Estreen v. Bluhm*, 79 Wis. 2d 142, 156, 255 N.W.2d 473, 482 (1977); *Erickson by Wightman*, 183 Wis. 2d at 123, n.8, 515 N.W.2d at 301, n.8; *Beacon Bowl, Inc. v. Wis. Elec. Power Co.*, 176 Wis. 2d 740, 776-77, 501 N.W.2d 788, 802-03 (1993); *contra Trease v. Tri-State Adjustments, Inc.*, 934 F. Supp. 2d 1016 (E.D. Wis. 2013).

40. Wisconsin Courts have made clear that there is no entitlement to prejudgment interest without a judgment awarding it. *Erickson by Wightman*, 515 N.W. at 300-01 n.8 (*citing Estreen*, 255 N.W.2d at 481).

41. A plaintiff in a civil collection action (i.e. the creditor) has the burden to *prove* that it is entitled to prejudgment interest, as is true for any other relief that any plaintiff requests in a civil action. *Marquez v. Mercedes-Benz United States, LLC*, 341 Wis. 2d 119, 139, 815 N.W.2d 314, 324 (2012).

42. Indeed, Wisconsin Courts have declined to award prejudgment interest when a plaintiff failed to prove that it was entitled to the amount of damages that it sought in the lawsuit.

6

*See Congress Bar & Restaurant, Inc. v. Transamerica Ins. Co.*, 42 Wis. 2d 56, 71, 165 N.W.2d 409, 417 (1969); *Dahl v. Housing Authority of Madison*, 54 Wis. 2d 22, 32, 194 N.W.2d 618, 623 (1972).

43. Until a creditor has *proven in court* that it is entitled to prejudgment interest in court by obtaining a judgment awarding prejudgment interest, such interest is a future, contingent amount that is not owed by the consumer and is not part of the "amount of the debt."

44. The Seventh Circuit has held that similar conduct, namely the collection of future, contingent amounts that depend upon the entry of judgment specifically allowing those amounts, but before the judgment is actually entered, violates the FDCPA because the contingent amounts are not part of the debt. *Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003).

45. CAL's tactic of adding unawarded prejudgment interest is a material violation of the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

46. Consumers who paid CAL had some of their payment diverted to unawarded prejudgment interest. Such amounts constitute actual damages under 15 U.S.C. § 1692k(a)(1) and Wis. Stat. § 425.304(2).

47. Moreover, charging unawarded prejudgment interest is not about "making the lender whole." It is about intimidating a debtor to pay the alleged debt immediately.

48. Further, the addition of interest burdens the debtors' dispute rights and the thirty-day validation period under 15 U.S.C. § 1692g.

49. The unsophisticated consumer sees the balance rising and is unduly pressured to pay immediately to avoid the risk of having to pay more. This is true even if the consumer does not believe that the debt is valid in whole or in part, and even if the creditor has no intention of ever suing to collect the debt.

7

50. This willy-nilly addition of interest is about harassment. It is an attempt to receive payment from a debtor, perhaps at the expense of payment to another debt collector that is not using such false and deceptive tactics.

51. Prevention of unscrupulous debt collection practices such as this one is part of the very purpose of the FDCPA. 15 U.S.C. § 1692(e) (it is part of the purpose of the FDCPA "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged").

52. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

53. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

54. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

55. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

56. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

57. 15 U.S.C. § 1692g(a) states, in relevant part:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing— …

8

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(b) **Disputed debts**
If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

58. Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

## CLASS ALLEGATIONS

59. Plaintiffs bring this action on behalf of a Class.

60. The Class consists of (a) all natural persons in the State of Wisconsin (b) to whom defendant CAL sent a collection letter, (c) seeking to collect a debt incurred for medical services (d) which debt had not been reduced to judgment on the date that CAL mailed the letter, (e) and in which CAL represented that any amount of interest was due or could be due (f) on or after May 21, 2014, (g) that was not returned by the postal service. Excluded from the class is any

9

person who entered into an agreement with the medical services provider-creditor for an amount or rate of interest.

63. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

62. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A-C violate the FDCPA.

63. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

64. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

65. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## COUNT I -- FDCPA

66. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

67. CAL added interest, and threatened to add interest, to Plaintiffs' and Class Members' alleged debts.

68. At the time CAL mailed Exhibits A-C to Plaintiffs and the Class, none of the alleged debts had been reduced to judgment.

69. None of the Plaintiffs' or Class Members' alleged medical debts included an agreement between the Class Member and the creditor for interest or a rate of interest.

10

70. As none of the Plaintiffs or Class Members actually owed any interest at the time CAL mailed <u>Exhibits A-C</u> to Plaintiffs and the Class, CAL's addition of interest, or threat to add interest, is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

71. <u>Exhibits A-C</u> also falsely represent that Defendant is lawfully entitled to collect interest.

72. <u>Exhibits A-C</u> create a false impression as to its authorization or approval for collecting interest.

73. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10).

74. To the extent that CAL represented to consumers in initial written debt communications that interest could or would accrue, Defendant also violated 15 U.S.C. § 1692g.

## **COUNT II – FDCPA**

75. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

76. By sending <u>Exhibits A-C</u> to Plaintiffs and the Class, CAL attempts to collect interest when neither CAL nor the original creditor is entitled to collect interest.

77. Such conduct is an unfair and/or unconscionable method of collecting an alleged debt. *See Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1112 (7th Cir. 2008) (collection fee on cellular telephone accounts was neither authorized by agreement of the parties nor permitted by law).

78. As these statements are threatening and/or confusing to the unsophisticated consumer recipient so as to falsely imply that the consumer is already adjudged to be liable for interest, and the creditor is entitled to receive interest, they are unfair and/or unconscionable methods of collecting a debt.

11

Case 2:15-cv-00613-CNC   Filed 05/21/15   Page 11 of 13   Document 1

79. Defendant violated 15 U.S.C. §§ 1692f, and 1692f(1).

### COUNT III – FDCPA

80. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

81. This claim is brought on behalf of Plaintiff Halvorsen.

82. In Exhibit A, CAL represented to Plaintiff Halvorsen that CAL was lawfully permitted to seek interest from Halvorsen, even though the alleged debt had not been reduced to judgment and no agreement for interest exists between Halvorsen and the creditor listed in Exhibit A. *See eg. Tylke v. Diversified Adjustment Serv.*, 2014 U.S. Dist. LEXIS 153281 (E.D. Wis. Oct. 28, 2014).

83. CAL's threat to collect interest, when no interest was permissible, in the first written communication with the consumer, is confusing to the unsophisticated consumer.

84. Such conduct burdens the consumer's dispute rights under 15 U.S.C. § 1692g, as the unsophisticated consumer interprets Exhibit A as stating or implying that the amount of the debt increases due to the addition of interest regardless of whether the consumer disputes the debt.

85. Defendant violated 15 U.S.C. §§ 1692g, 1692g(a) and 1692g(b).

### COUNT V – WCA

86. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

87. Exhibits A-C claim, attempt, or threaten to enforce a right to interest, even though Defendant knew, or should have had reason to know, that no such right existed at the time the letter was sent.

12

88. Defendant violated Wis. Stat. § 427.104(1)(j).

## JURY DEMAND

89. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Classes and against Defendant for:

(a) actual damages, including but not limited to the actual amounts attributable to interest, that CAL collected from Class Members;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 21, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com